**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JAMES A. EVANS,** ) | **CASE NO. 1:06CV2773** |
| ) | |
| Petitioner, ) | |
| ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | **MEMORANDUM** |
| ) | **OPINION AND ORDER** |
| Respondent. ) | |

This matter is before the Court upon Petitioner's *pro se* Motion to Vacate, Set-aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt. # 1). Also before the Court are the Government's Answer and Brief in Response to Petitioner's Motion (Dkt. # 4) and Petitioner's Reply Brief (Dkt. # 5). For the reasons set forth below, Petitioner's motion is **DENIED**.

**I.   FACTUAL BACKGROUND**

A federal grand jury returned a one-count indictment against Petitioner, James A. Evans, ("Petitioner") on February 17, 1998. (Dkt. # 4). The indictment charged Petitioner with possession of 868.0 grams of cocaine-base ("crack cocaine"), in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Specifically, the indictment charged:

> On or about October 10, 1997, in the Northern District of Ohio, Eastern Division, the Defendant, JAMES A. EVANS aka OLIVE OIL, did knowingly and intentionally possess with intent to distribute and did distribute 868.0 grams of a mixture and substance containing a detectable amount of cocaine-base (crack), a Schedule II narcotic drug controlled substance, in violation of Title 21, Section 841(a)(1) and (b)(1)(A), United States Code.

1

(Case No. 1:98cr0075, Dkt. # 1). On April 8, 1998, the grand jury returned a two-count superceding indictment against Petitioner. Count One of the superceding indictment charged:

> On or about October 10, 1997, in the Northern District of Ohio, Eastern Division, the Defendant, JAMES A. EVANS aka OLIVE OIL, did knowingly and intentionally possess with intent to distribute and did distribute 868.0 grams of a mixture and substance containing a detectable amount of cocaine-base (crack), a Schedule II narcotic drug controlled substance, in violation of Title 21, Section 841(a)(1) and (b)(1)(A), United States Code.

Count Two of the Indictment charged:

> On or about March 2, 1998, in the Northern District of Ohio, Eastern Division, the Defendant, JAMES A. EVANS aka OLIVE OIL, did knowingly and intentionally possess with intent to distribute 246.70 grams of a mixture and substance containing a delectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, Section 841(a)(1) and (b)(1)(C), United States Code.

(Case No. 1:98cr0075, Dkt. # 13). The United States filed a notice of prior conviction, pursuant to 21 U.S.C. § 851, giving notice that the government would rely on a previous "felony drug offense" conviction of Petitioner's for the purpose of invoking the increased sentencing provision of 21 §§ 841(b)(1)(A) and (b)(1)(C). (Case No. 1:98cr0075, Dkt. # 19). The prior conviction enhancement increased the statutory penalty on Count One of the superseding indictment to a statutory minimum term of incarceration of 240 months and ten years of supervised release. (Dkt. # 4). The statutory penalty on Count Two increased to a mandatory minimum term of thirty years to life and a six year term of supervised release. (Dkt. # 4).

On July 13, 1998, Petitioner, while represented by counsel, entered into a plea agreement with the government whereby he agreed to enter a plea of guilty to both charges of the superceding indictment. The Court accepted the plea and on October 8, 1998, sentenced Petitioner to, *inter alia*, 240 months imprisonment and ten years of supervised release. Petitioner did not file a direct appeal of this sentence or his conviction.

2

On June 23, 2003, Petitioner filed a motion to modify his sentence pursuant to 18 U.S.C. § 3742, which was denied on September 10, 2003. (Dkt. # 4). On June 23, 2005, Petitioner field a petition under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255. The district court transferred that petition to the United States Court of Appeals for the Sixth Circuit on July 20, 2005. On September 22, 2006, the Sixth Circuit ruled that Petitioner did not need permission from the court as he had not previously moved to vacate his sentence.

On November 1, 2006, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his motion, Petitioner raises the following grounds for relief:

> PETITIONER WAS DEPRIVED OF HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL BASED ON TRIAL COUNSEL'S FAILURE TO FILE PER PETITIONER'S REQUEST THE NOTICE OF APPEAL WITHIN TEN DAYS PURSUANT TO RULE OF FEDERAL PROCEDURE 4(b)(1)(A)
>
> THE DISTRICT COURT ERRED PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 32(c)(5) BY FAILING TO INFORM PETITIONER OF HIS RIGHT TO APPEAL
>
> PETITIONER'S PLEA AGREEMENT WAIVER DID NOT BAR APPEAL BASED ON THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

(Dkt. # 1). The Government, in its response, argues that Petitioner's motion is time-barred by the one-year statute of limitations prescribed by 28 U.S.C. § 2255, ¶ 6(1). (Dkt. # 4).

## II. STANDARD OF REVIEW

"To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or

3

influence on the guilty plea or the jury's verdict." Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." See Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983), cert. denied, 465 U.S. 1038 (1984).

Additionally, "[s]entencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001). Rather, "sentencing challenges must be made on direct appeal or they are waived." Id. However, "challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in Strickland v. Washington." Id. (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)).

### III. ANALYSIS

As amended by the AEDPA, Title 28 U.S.C. § 2255 precludes a prisoner from filing a § 2255 motion more than one year after the conviction becomes final. 28 U.S.C. § 2255; see, eg., Hyatt v. United States, 207 F.3d 831, 832 (6th Cir. 2000). Section 2255, ¶ 6, provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

4

>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (2006). The one-year limitation period is a statute of limitations. See Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001). Generally, the operative date from which the limitations period begins to run is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255, ¶ 6(1); See Dodd v. United States, 545 U.S. 353 (2005).

Consequently, pursuant to the AEDPA, Petitioner's conviction became final on July 27, 1998, the last date Petitioner could have filed a timely appeal. He did not file a direct appeal, therefore, Petitioner had one year, or until July 27, 1999, to file a motion under § 2255. As Petitioner did not file within that one year period, he is time-barred from filing the present motion.

## IV.   EVIDENTIARY HEARING

Finally, § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir.1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), *cert. denied*, 465 U.S. 1038 (1984).

Petitioner is not entitled to an evidentiary hearing in the instant matter because "the motion and the files and the records of the case conclusively show that [Petitioner] is

5

entitled to no relief." Green, 445 F.2d at 848. Accordingly, the Court finds that an evidentiary hearing is not warranted.

## V. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion to vacate, set aside, or correct sentence by a person in federal custody is **DENIED** and no hearing on the merits is warranted. Therefore, this action is **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus - February 6, 2007**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**