**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JAMES A. EVANS,** ) | **CASE NO. 1:06CV2773** |
| Petitioner, ) | |
| ) | |
| **v.** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OPINION AND** |
| Respondent. ) | **ORDER** |

Pending before is Court is Petitioner, James A. Evans' *pro se* motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. # 8). For the reasons discussed below, the Court **DENIES** Petitioner's motion.

**I. FACTS**

On July 13, 1998, Petitioner, pursuant to a written plea agreement, pleaded guilty to one count of possession with intent to distribute 868.0 grams of cocaine-base ("crack cocaine") in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and one count of possession with intent to distribute 246.70 grams of cocaine. On October 8, 1998, this Court sentenced Petitioner to, *inter alia*, a term of imprisonment of 240 months with ten years of supervised release. Petitioner did not file a direct appeal of his sentence or conviction.

On November 16, 2006, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Dkt. # 1). Respondent, United States of America, filed a brief in opposition on January 5, 2007. (Dkt. # 4).

Petitioner filed a reply brief on January 18, 2007.  (Dkt. # 5).

On February 6, 2007, this Court issued a Memorandum, Opinion, and Order denying Petitioner's § 2255 motion as untimely and determining that no hearing on the merits was warranted.  (Dkt. # 6).  On that same date, this Court issued a final Judgment dismissing this action.  (Dkt. # 7).  Petitioner then filed the instant motion, styled as "Defendant's Notice of Motion Pursuant to Federal Rule of Civil Procedure 59(e) Seeking Reconsideration of District Court's Order Dated February 6, 2007 Denying Defendant's Pro Se 28 U.S.C. § 2255 Motion."  (Dkt. # 8).

## II.    ANALYSIS

The Court may alter or amend its judgment upon a motion pursuant to Fed. R. Civ. P. 59(e), which provides:

> (e) Motion to Alter or Amend Judgment.  Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Fed. R. Civ. P. 59(e).

Petitioner contends that he has "been severely prejudice and deprived of due process of law by the Government's blatant failure in not providing him with a copy of its reply to the Defendant's previous 28 U.S.C. § 2255 motion."  (Dkt. # 8).  Specifically, he asserts

> that at no time did United States Attorney General Gregory A. White, for the Northern District of Ohio, Eastern Division, or either Edward F. Feran, Assistant United States Attorney, on his behalf ever provided Defendant with a copy of its reply to Defendant's previously submitted 28 U.S.C. § 2255 filed with the Untied States District Court Clerk's Office November 1, 2006.  Nor did the Government ever provide Defendant with a copy of its response to "Defendant's Memorandum in Opposition to The Government's Response" to his prior 28 U.S.C. § 2255 to Vacate, Set Aside, and Correct Sentence filed with the United States District Court Clerk's

2

Office for the Northern District of Ohio, Eastern Division on January 18, 2007. (Dkt. # 8).

Before the Court may address Petitioner's motion to alter or amend judgment, the Court must first consider whether it has jurisdiction in this matter. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244(b) to prohibit second or successive habeas petitions. Pursuant to 28 U.S.C. § 2244(b)(3)(A), a federal prisoner may not file a second or successive motion to vacate his sentence until the Court of Appeals issues an order that authorizes the district court to consider the second motion.[1] Under § 2244(b)(3), if Petitioner's motion to alter or amend is the functional equivalent of a successive petition it cannot be brought pursuant to the Federal Rules of Civil Procedure without permission from the Court of Appeals. 28 U.S.C. § 2244(b). The pertinent question, therefore, is whether Petitioner's motion is properly construed as a successive petition under the AEDPA.

The United States Supreme Court has held that a Rule 60(b) motion raising one or more substantive claim qualifies as a second or successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524 (2005). Allowing a petitioner to present new claims for relief under the guise of a Rule 60(b) motion circumvents AEDPA's requirements that a new claim be dismissed unless it relies on a either a new rule of constitutional law or newly discovered

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

3

facts. See Id. (citing 28 U.S.C. § 2244(b)(2)). The United States Court of Appeals for the Sixth Circuit has not yet addressed the issue of whether to extend the Supreme Court's holding in Gonzalez to motions filed pursuant to Fed. R. Civ. P. 59. However, courts that have had the opportunity to consider this issue have determined that the rationale in Gonzalez applies to Rule 59 motions as well:

> On its face, Gonzalez is confined to motions for relief from judgment pursuant to Rule 60(b). Nonetheless, it is not apparent why the Gonzalez rationale should not extend to encompass Rule 59(e) motions, as well.
>
> \*\*\*
>
> It is plain that a motion to reconsider filed 11 days post-judgment is a Rule 60(b) motion and is therefore barred from consideration under Gonzalez's interpretation of the second or successive habeas petition provision of the AEDPA. That being the undisputable law in this circuit, it is difficult to fathom why a substantively identical motion field 10 days post-judgment (and therefore classified under Rule 59(e)) should not also be barred under the same reasoning.

Aird v. United States, 339 F.Supp.2d 1305, 1309-10 (S.D. Alabama 2004); see also United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir.2005); McAffee v. United States, 2006 WL 563122 (M.D. Fla. March 8, 2006); Milovanic v. United States, 2006 WL 334209 (M.D. Fla. February 13, 2006).

The Sixth Circuit has stated that "[w]hen a petitioner raises new claims . . . challenging the denial of a [habeas petition] the . . . motion must be construed as an attempt by the petitioner to file a second motion to vacate." Homrich v. United States, 205 F.3d 1340, 1999 WL 1206903, \*\*2-3 (6th Cir. 1999). Petitioner's present motion merely raises a "defect in the integrity of the proceedings." Aird, 399 F.Supp.2d at 2648. Therefore,

4

following Gonzalez, jurisdiction exists for this Court to consider Petitioner's motion to alter or amend judgment.

However, before this Court will review the merits of Petitioner's motion, the Petitioner must clear several procedural hurdles. One such requirement is filing within the proper statutory period. See Daniels v. United States, 532 U.S. 374, 381 (2001); see also United States v. Olano, 507 U.S. 725, 731 (1993). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended title 28 U.S.C. § 2255 to include a one-year statute of limitation. 28 U.S.C. § 2255; see, e.g., Hyatt v. United States, 207 F.3d 831, 832 (6th Cir.2000)("28 U.S.C. § 2255 precludes a prisoner from filing a § 2255 motion more than one year after the conviction becomes final.").

Petitioner does not provide any arguments, statutory or otherwise, that persuade this Court to find that his § 2255 motion was timely filed. To the contrary, the issue he raises is a merely procedural defect which does not affect the outcome of this matter.

Therefore, as previously found by the Court, Petitioner's conviction became final on July 27, 1998, the last date Petitioner could have filed a timely appeal. He did not file a direct appeal, accordingly, under the AEDPA, Petitioner had one year, or until July 27, 1999, to file a motion under § 2255. As Petitioner did not file his habeas petition until November 16, 2006, his petition was untimely and properly dismissed.

### III. CONCLUSION

In accordance with the foregoing, Petitioner's motion for reconsideration is **DENIED**. (Dkt. # 8). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus - March 1, 2007**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**